UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART, JR.,
Plaintiff,
v.
LYNETTE LEWIS, et al.,
Defendants.

Case No. 4:26-cv-05893-KAW

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS CASE**

Re: Dkt. Nos. 1, 2

On June 16, 2026, Plaintiff Eugene Hart, Jr. filed this civil action and application to proceed *in forma pauperis*. The Court GRANTS Plaintiff's application to proceed *in forma pauperis*. Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and for the reasons set forth below, the Court REASSIGNS[1] this case to a district judge and RECOMMENDS that the case be dismissed without prejudice.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

[1] On July 9, 2026, Plaintiff filed a declination. (Dkt. No. 5)

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

As an initial matter, while Plaintiff contends that the federal court has subject matter jurisdiction based on federal question jurisdiction, no such jurisdiction exists. (Compl., Dkt. No. 1 at 2.) Plaintiff fails to identify any federal statute or constitutional right that gives rise to a federal question. *See id.* Instead, he pleads what appear to be common law fraud claims, which are

United States District Court
Northern District of California

insufficient to establish federal question jurisdiction. Further, despite Plaintiff claiming to be suing the United States government, federal agency, or federal official acting in their official capacity, there is no showing that any Defendant is a federal official. *See id.* Indeed, Plaintiff's complaint appears to allege that the defendants falsely claimed that Plaintiff was his daughter's father to extract child support payments and did so using an altered birth certificate. (Compl. at 5-6.) Plaintiff also appears to allege that someone claims to be his adopted parent, but he was unaware of this person's existence, and he has never considered anyone else to be his parent. *See ids.*

On the merits, Plaintiff's allegations do not state a viable claim. Plaintiff brings two claims sounding in fraud. (Compl. at 5-6.) The first claim[2] is based on Defendants "scamming the system by making false claims using a[] fraudulent birth certificate … to receive benefits [for] child support." *Id.* at 5. In sum, Plaintiff claims that he was unaware that he was "not being seen as [his] daughter's legal father" because someone else is claiming parentage, despite Plaintiff being ordered to pay child support. *Id.* Plaintiff also claims that he should be awarded child support from his parents due to their inability to care for him. *Id.* The second claim is a "human rights" violation based on allegations that Defendants created or used an entity to misrepresent the Plaintiff's identity and legal relationships, resulting in delayed child support proceedings, false claims concerning his adoptive parents, and interference with his legal rights and family relationships. *Id.* at 6. Plaintiff alleges that he never consented to or recognized the adoptive parent relationship, because he lived with his biological mother before she passed away. *Id.*

Thus, Plaintiff fails to clearly identify any specific statute or constitutional right he contends has been violated and likewise fails to identify facts that constitute a cognizable claim. Moreover, some of these factual allegations appear to be plainly frivolous. Courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless claims, in turn, are those "that are fanciful, fantastic, and

[2] Plaintiff fails to identify the law or right violated. (*See* Compl. at 5.) Rather, he states that "[t]he law is still pending determination." *Id.*

United States District Court
Northern District of California

delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Here, Plaintiff's claim that he is entitled to past child support from previously unknown adoptive parents rises to this level. (*See* Compl. at 5.) Finally, the Court observes that Plaintiff has filed more than fifty cases in this district, including approximately twenty cases against Defendant Lewis, none of which appear to have any merit.

Accordingly, Plaintiff fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). The Court REASSIGNS this case with RECOMMENDATION that the case be dismissed without prejudice for lack of subject matter jurisdiction and because Plaintiff fails to state a claim.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Control Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: August 17, 2026

KANDIS A. WESTMORE
United States Magistrate Judge