United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART, JR.,
Plaintiff,
v.
LYNETTE LEWIS, et al.,
Defendants.

Case No. 26-cv-05893-WHO

**ORDER ADOPTING REPORT & RECOMMENDATION DISMISSING CASE**

Re: Dkt. No. 7

On August 17, 2026, the Hon. Kandis A. Westmore issued a Report and Recommendation ("R&R"), recommending that this case be dismissed without prejudice for lack of subject matter jurisdiction and for failure to state a claim. *See* R&R to Dismiss Case [Dkt. No. 7] at 4. Having reviewed the docket and Judge Westmore's R&R, I ADOPT the R&R in full.

*Pro se* plaintiff Eugene Hart, Jr. ("Hart") filed his complaint on June 16, 2026, bringing claims against Lynette Lewis, Veronica V. Barahona, and Vernon Gains.[1] *See* Complaint ("Compl.") [Dkt. No. 1] at 1–2. The complaint alleges two causes of action that sound in common law fraud. *See id.* at 5–6. The first claim[2] alleges that defendants were "scamming the system by making false claims using a[] fraudulent birth certificate . . . to receive benefits [for] child support." *Id.* at 5. Hart claims he was unaware that he was "not being seen as [his] daughter's legal father" because another individual was claiming parentage, despite him being ordered to pay

[1] Hart identifies different defendants throughout the complaint. Under the "defendants" section of the form complaint, Hart notes that defendants include Lynette Lewis, Veronica V. Barahona, and Vernon Gains. Compl. at 1–2. His first claim also lists what appears to be "Chaz Lopez" as an additional defendant. *Id.* at 5. And the second claim lists "Toni Marie Lopez; Veronica Richardson; and Lynette Lewis" as the defendants. *Id.* at 6.

[2] Hart does not identify a law or right violated; instead, he states that "[t]he law is still pending determination." *Id.*

United States District Court
Northern District of California

child support. *Id.* He also alleges that he should be awarded child support from his parents due to their previous inability to care for him. *Id.* Hart's second cause of action alleges "human rights" violations based on allegations that "Defendants created or used an entity to misrepresent the Plaintiff's identity and legal relationships, resulting in delayed child support proceedings, false claims concerning his adoptive parents, and interference with his legal rights and family relationships." R&R at 3 (citing Compl. at 6). Hart alleges that he never consented to this adoptive parent relationship. *Id.*

Hart alleges that this court has federal question jurisdiction over this dispute. *See* Compl. at 2. I disagree. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Here, Hart's complaint does not identify any federal statute or constitutional right that would give rise to federal question jurisdiction. *See* Compl. at 2. "Instead, he pleads what appear to be common law fraud claims, which are insufficient to establish federal question jurisdiction." R&R at 2–3. Moreover, while Hart indicates on his complaint that defendants are federal officials, thus giving rise to federal question jurisdiction, nothing in his complaint shows that any defendant is a federal official. *See id.* Considering these deficiencies, I agree with Judge Westmore that I lack subject matter jurisdiction over this dispute.

Even if the complaint alleged a federal question (which it does not), Hart has failed to state a viable claim. Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering whether this standard is met, courts may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless claims are those "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. I agree with Judge Westmore that Hart's claim that "he is entitled to past child support from previously unknown adoptive parents rises to this level." R&R at 4 (citing

Compl. at 5).

These deficiencies, along with the fact that Hart has filed over fifty cases in this district without merit (including over twenty cases against defendant Lewis), suggest that dismissal is proper. I ADOPT Judge Westmore's R&R and will DISMISS this case WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to state a claim. The Clerk is instructed to close this case.

**IT IS SO ORDERED.**

Dated: September 10, 2026

William H. Orrick
United States District Judge